UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT BINGHAM,           )<br>                                       )<br>        Petitioner,        )<br>                                       )              CAUSE NO. 3:07-CV-204 JM<br>    vs.                           )<br>                                       )<br>WILLIAM K. WILSON,   )<br>                                       )<br>        Respondent        ) | |

**OPINION AND ORDER**

Albert Bingham, a *pro se* prisoner, filed this habeas corpus petition challenging the loss of good time and his demotion in credit class on or around May 1, 2006 by the Disciplinary Hearing Board (DHB) at the Westville Correctional Facility. Bingham does not disclose the offense of which he was found guilty. Nevertheless, he raises three grounds for overturning that finding.

1. Class of Offense Upgraded

Bingham argues that it was a due process error for the screening officer to change the charge against him from a Class B to a Class A violation. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific number of the rule violation, its severity, nor even the case number assigned to the hearing. In *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003), the circuit court found no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, Bingham does not argue that he lacked an adequate factual basis nor even that he was denied adequate notice before his hearing. Indeed, one of the purposes of screening is to provide just that notice. Changing the charge at the screening was not a due process violation.

## 2. Impartiality of DHB

Bingham argues that the Board was not impartial because they argued against his defense and did not allow him "to present a complete defense." Amended Petition at 4. Bingham does not identify any arguments or evidence that he was unable to present, nor does he separately allege that he was denied a fair hearing because he was unable to present the defense he wanted. Rather he makes this statement solely to illustrate the bias of the Board.

First, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). So too with other evidence and arguments. So merely denying Bingham the opportunity to present anything and everything that he could imagine is not a basis for finding bias. Second, Bingham misunderstands the requirement of impartiality. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an impartial decision maker, this right is violated when the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983)

("[I]mpartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident . . ..") Bingham alleges the Board argued with him like a prosecutor and prevented him from presenting everything he wanted, but he does not even infer that they were in any way involved in the formal investigation of the charges against him.

### 3. Violations of Prison Rules

Bingham argues that the Board did not follow prison policy to delay his hearing and that he was prosecuted outside of the required time frame.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Because this court cannot grant habeas corpus based on a violation of a state law or prison policy, it is irrelevant, for the purposes of this case, whether such laws or policies were violated. Furthermore, though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of the charge against him, it did not create a statute of limitations for prosecuting charges against inmates.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

3

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore there is no federal time limit for prosecuting prison disciplinary offenses.

### 4. Rule 4

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

### 5. Conclusion

For the foregoing reasons, this habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: May 31, 2007

s/James T. Moody
James T. Moody, Judge
United States District Court