UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT BINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:07-CV-204 JM |
| vs. ) | |
| ) | |
| WILLIAM K. WILSON, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Albert Bingham, a *pro se* prisoner, filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). Bingham argues that the court erred in denying his habeas corpus petition.

First, he argues that it is a due process error to increase a charge during screening. He states that prison policy prohibits doing so.

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As was explained in the court's prior order,

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

Citing the older case of *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462 (1989), Bingham argues that the prison rules created a protected liberty interest. But

*Thompson* is old law; it represents an approach that has since been abandoned by the Supreme Court.

> In light of the above discussion, we believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established and applied in *Wolff* and *Meachum*. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-484 (1995) (citations and footnote citing *Thompson* omitted). Thus, state created procedural rules do not create a liberty interest and this court's ruling was not in error.

Second, Bingham argues that this court erred in denying the petition without requiring an answer from the State. As was explained in the court's prior order, Section 2254 Habeas Corpus Rule 4 requires the court to dismiss a petition when it plainly appears that the petitioner is not entitled to relief. Such was the case here. Bingham reargues that it was wrong for the DHB to question him and for it to disbelieve him. *Wolff* did not prohibit hearing officers from questioning the accused and it did not require them to believe inmates charged with violating a rule. Bingham still does not identify any arguments or evidence that he was unable to present, nor does he allege that any member of the DHB was substantially involved in the investigation of the charges against him. This

court was not in error to have found Bingham's due process right to an impartial decision maker was not violated.

Finally, Bingham again re-argues that state created procedural rules are enforceable in a habeas proceeding. As previously explained, this simply is not true. The court's denial of habeas relief was not in error and the Rule 59 motion (docket # 9) is DENIED.

SO ORDERED.

ENTERED: June 22, 2007

s/James T. Moody<br>James T. Moody, Judge<br>United States District Court